# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT MONTGOMERY,

    Plaintiff,

v.

SURGICAL CARE AFFILIATES, LLC,

    Defendant.

Case No. 2:10-cv-1259-LDG (GWF)

**ORDER**

The plaintiff, Robert Montgomery, filed his complaint in state court alleging a claim that he was tortiously discharged in violation of public policy for pursuing a workers' compensation claim. The defendant, Surgical Care Affiliates, LLC, removed the matter pursuant to this Court's diversity jurisdiction. Montgomery timely moves to remand (#13) his complaint to state court pursuant to 28 U.S.C. §1447(c). He argues that his complaint was a civil action in state court arising under the workmen's compensation laws of the State, and thus was not removable pursuant to 28 U.S.C. §1445(c). Surgical Care opposes the motion, arguing that his claim for tortious discharge in violation of public policy is a judicially created action arising under Nevada's common law. The Court will deny the motion to remand, as a claim for tortious discharge in violation of public policy arises under Nevada common law, and not under Nevada's workers' compensation laws.

As Montgomery points out, a court in this district previously addressed the issue whether a civil claim for being discharged in retaliation for pursuing a workers' compensation claim arises under Nevada's workers' compensation laws. *See*, *Bearden v. PNS Stores, Inc.*, 894 F.Supp. 1418 (D.Nev. 1995). Initially, the Court would note that it does not agree with the parties that *Bearden* is persuasive, though not binding, authority on the issue. While the court in *Bearden* addressed the issue, a review of the decision establishes that its analysis and conclusion is dicta. Section 1447(c) provides for a 30-day period in which "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction <u>must be made</u>." As the plaintiffs in *Bearden* filed their motion to remand outside of this 30-day period, the threshold question was whether the plaintiffs sought remand on the basis of a defect in subject matter jurisdiction. The court's conclusion that the motion to remand pursuant to §1445(c) did not challenge a defect in subject matter jurisdiction required denial of the untimely motion, regardless and without consideration of the motion's merits. As such, the court's analysis of the merits of the untimely motion was dicta unnecessary to the proper resolution of the motion.

Further, this Court does not agree with the dicta of *Bearden* that a claim for retaliatory discharge arises under Nevada's workers' compensation laws. That court rested its conclusion, in part, on its suggestion that "the right to be free from retaliatory discharge is created under Nevada's workers' compensation statute." 894 F.Supp. at 1422. While *Bearden* relied upon the Nevada Supreme Court's decision in *Hansen v. Harrah's*, 100 Nev. 60 (1984), the Nevada Supreme Court did *not* reason or suggest that the right to be free from retaliatory discharge is created under Nevada's workers' compensation statutes in *Hansen* or in any other decision. Rather, the Nevada Supreme Court recognized a claim for retaliatory discharge even though the legislature had failed "to enact a statute expressly forbidding retaliatory discharge for filing workmen's compensation claims." *Hansen*, 100 Nev. at 63.

Despite this language, the court in *Bearden* engaged in a rather lengthy analysis suggesting that retaliatory discharge was "clearly prohibited" pursuant to Nev. Rev. Stat. 616B.609(1)(b)[1] even while acknowledging that the Nevada courts had *not* addressed the issue or defined whether the term "device," as used in §616B.609(1)(b), encompassed the term "discharge." Rather, the *Bearden* court reached its conclusion as to what the Nevada legislature had enacted in §616B.609(1)(b) by looking to the analysis of a similar Tennessee statute by the district court in the Western District of Tennessee. *See, Thompson v. Cort Furniture Rental Corp.*, 797 F.Supp. 618 (W.D.Tenn.,1992). Subsequent decisions of the Tennessee Supreme Court and the Sixth Circuit, *see*, *Nixon v. Waste Management, Inc.*, 156 Fed.Appx. 784 (6th Cir. 2005), preclude this Court from concluding that the *Thompson* court correctly construed Tennessee law to find that Tennessee's cause of action for retaliatory discharge in violation of public policy arose from its analogous statute.

Contrary to the reasoning and suggestion in *Thompson,* the Tennessee Supreme Court, in *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn.1984), "observed, the [Tennessee] statute does not explicitly create a cause of action; it implies the existence of a right not to have workers' compensation benefits terminated by a wrongful discharge, but it does not establish any means of enforcing that right." *Nixon,* 156 Fed.Appx. at 787. As further recognized in *Nixon*, "[i]f the cause of action were a creature of the workers' compensation law, moreover, it would have no application outside of the workers' compensation context." *Nixon*, at 787. Rather, in Tennessee, an action for retaliatory discharge is available not only in the workers' compensation context, but wherever "the employer has violated a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision and the employer's violation was a substantial factor in the

---

[1] At the time *Bearden* was decided, the relevant statute was codified at 616.265. For clarity, this Court will refer to the statute as presently codified at §616B.609.

3

employee's discharge." *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn.1994).

Similar to the Sixth Circuit's reasoning in *Nixon*, this Court must conclude that §616B.609(1)(b) neither clearly prohibits retaliatory discharge nor expressly or explicity creates any such right of action.  Further, this Court must also conclude that Nevada's Supreme Court, like Tennessee's Supreme Court, did not rest its conclusion that a cause of action existed for discharge in violation of public policy on any provision of the workers' compensation statutes.  Rather than resting upon any definition or analysis of §616B.609(1)(b), the Nevada Supreme Court in *Hansen* instead "elect[ed] to <u>support</u> the established policy of this state concerning injured workmen and <u>adopt</u> the narrow exception to the at-will employment rule recognizing that retaliatory discharge by an employer stemming from the filing of a workmen's compensation claim by an injured employee is <u>actionable in tort</u>." *Hansen,* 100 Nev. at 64 (emphasis added).  In so doing, the Nevada Supreme Court expressly recognized that "both the cause of action and the remedy are governed by the law of torts." *Id.* (emphasis added).

Subsequently, in *Dillard Dep't Stores, Inc., v. Beckwith,* 115 Nev. 372 (2000), the Nevada Supreme Court rejected an argument that the tort of retaliatory discharge in violation of public policy did not survive the passage of Nev. Rev. Stat. 616D.030.[2] As the Nevada Supreme Court stated in *Hansen*, "the at-will employment rule is subject to limited exceptions founded upon strong public policy; and the failure of the legislature to enact a statute expressly forbidding retaliatory discharge for filing workmen's compensation claims does not preclude this Court from providing a remedy for what we conclude to be tortious behavior." 100 Nev. at 63.  As such, the Nevada Supreme Court not judicially recognized a cause of action for retaliatory discharge in violation of public policy in *Hansen*, but further

---

[2] Section 616D.030 prohibits any cause of action arising from violations of the workers' compensation statutes.

4

recognized this tort despite the "failure of the legislature to enact a statute expressly forbidding retaliatory discharge."

As the tort of retaliatory discharge in violation of public policy is a common law claim that exists whether or not such retaliatory discharge involves the filing or pursuing of a workers' compensation claim, such tort does not arise under the laws of Nevada's workers' compensation laws. That a claim for retaliatory discharge in violation of public policy can be supported for a discharge in retaliation for filing or pursuing a workers' compensation claim does not transform the claim into one arising under the workers' compensation laws. Accordingly,

THE COURT **ORDERS** that Robert Montgomery's Motion to Remand (#13) is DENIED.

DATED this ____ day of January, 2011.

_____
Lloyd D. George
United States District Judge

5